AXS.10809

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS,
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DOROTHY WALKER,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 1:19-cv-574** |
| **NEUTRON HOLDINGS, INC. d/b/a** | § | |
| **LIMEBIKE and/or LIME SCOOTERS** | § | |
| **and ZACHARY CARTER,** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

NEUTRON HOLDINGS, INC. D/B/A LIMEBIKE AND/OR LIME SCOOTERS AND ZACHARY CARTER file this, their Notice of Removal under 28 U.S.C. §§1441 and 1446:

## I.
## Basis for Removal

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, as Neutron Holdings, Inc. is not a citizen of the State of Texas, Zachary Carter was fraudulently and improperly joined, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## Diversity Jurisdiction

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Neutron Holdings, Inc., at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Delaware with its principal place of business in San Francisco, California. Neutron Holdings, Inc. ("Lime") has never been a resident of, incorporated in, or had its principal place of business in the State of

---

[1] *See* 28 U.S.C. § 1332.

Texas.

Zachary Carter, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas. However, for the reasons discussed below, Zachary Carter is not a proper party to this action and has been fraudulently and improperly joined; hence, his citizenship should be ignored for purposes of removal.

### III.
### Improper/Fraudulent Joinder

Plaintiff named Zachary Carter as a Defendant in this lawsuit.[2] Plaintiff has not pled any facts that would allow Plaintiff to recover from Zachary Carter in his individual capacity, and, in fact, has not even alleged that Carter owed any separate or independent duty of reasonable care to Plaintiff. Improper/fraudulent joinder is established where, as here, there is no reasonable basis for predicting that the Plaintiff might be able to establish the non-diverse defendant's liability on the pleaded claims in state court.[3] Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[4] In Texas, an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party *apart* from the employer's duty.[5] So unless Plaintiff can establish that Zachary Carter owed an independent duty of care to Plaintiff, separate and apart from the duties owed by Lime to its customers, Zachary Carter is not a proper party to this case.

Texas case law is replete with opinions finding an employee does not owe an independent

---

[2] *See generally* Plaintiff's Original Petition and Request for Discovery.
[3] *Travis*, 326 F.3d, at 647 (5th Cir. 2003); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003); *Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007).
[4] *Id.*
[5] *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex.2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

duty of care to customers of his or her employer.[6] Actions by an employee or officer taken in course and scope of employment, "whether active or passive," are actions of the corporation on behalf of the employer.[7] In this case, Plaintiff's only allegations concerning Carter pertain to alleged duties he may have owed or breached in his capacity as a Lime employee that are not distinct from those which Lime, itself, may owe to its customers.[8]

Thus, Plaintiff alleges no facts that would support a claim that Carter owed Plaintiff any independent duty, separate and apart from Lime's duties to Plaintiff.[9]

## IV.
## Background

Plaintiff claims that she was travelling on a Lime Scooter west on 11th Avenue in Austin, Texas, approaching an intersection with Congress Avenue when she was thrown into a gate and suffered injuries as result.[10] She claims that the accident happened because "the scooter's brakes did not work as expected."[11] Plaintiff filed suit against Lime and Carter in the 126th Judicial District Court of Travis County, Texas, alleging causes of action for negligence and gross negligence.

---

[6] *See, e.g., Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237, at *4-7 (S.D. Tex. March 14, 2011) (not designated for publication) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005) and *Leitch v. Hornsby*, 935 S.W.2d 114, 17-18 (Tex. 1996)); *Gaston v. Wal-Mart Stores Texas, LLC*, No. H–09–4094, 2010 WL 1426876, at *6-8 (S.D. Tex. April 8, 2010) (not designated for publication) (citing same); *Gonzalez v. Wal–Mart Stores*, No. 10-CV-120, 2010 WL 1417748, at *1-3 (W.D. Tex. March 31, 2010) (not designated for publication) (citing same).
[7] *Leitch,* 935 S.W.2d at 118.
[8] *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564, 567 (S.D. Tex. 1999) (denying plaintiff's motion to remand, and noting that the plaintiff made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron").
[9] *See Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 182 (5th Cir. 2018) (quoting Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996))*; se*e also Kopczynski v. Wal-Mart Stores Texas, LP*, 2011 WL 902237, at *4-7 (S.D. Tex. Mar. 14, 2011) (co-employees and managers owed no independent duty to employee despite allegations they personally participated in negligent acts).
[10] *See* Plaintiff's Original Petition and Request for Discovery, p. 4.
[11] *See* Plaintiff's Original Petition and Request for Discovery, p. 4.

## V.
## Amount in Controversy

Plaintiff judicially admits in her Original Petition and Request for Discovery that she seeks damages in excess of $1,000,000.00.[12] Specifically, Plaintiff seeks damages for:

- Past and future medical expenses;
- Past and future pain and suffering
- Past and future mental anguish;
- Physical disfigurement;
- Past and future impairment;
- Lost wages; and
- Loss of past and future earning capacity.[13]

As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[14]

## VI.
## Removal is Timely

The removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[15] Defendants first became aware this case was removable on or about May 10, 2019, when Defendants were served with Plaintiff's Original Petition and Request for Discovery. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable. And more than one year has not passed since the commencement of the action in state court.[16]

---

[12] See Plaintiff's Original Petition and Request for Discovery, p. 10.
[13] See Plaintiff's Original Petition and Request for Discovery, p. 10.
[14] See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996); see also Laughlin v. Kmart Corp., 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).
[15] 28 U.S.C. § 1446(b).
[16] See 28 U.S.C. § 1446(b).

## VII.
## Venue

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VIII.
## Procedural Requirements

Defendants filed with the Clerk of the 126th Judicial District Court of Travis County, Texas, a Notice of Filing Notice of Removal simultaneously with the filing of this Notice of Removal.

## IV.
## Other Materials

In accordance with 28 U.S.C. § 1446(a), Defendants attach a copy of all process, pleadings, and orders served upon them as well as the original and one copy of the civil cover sheet and supplemental civil cover removal sheet.

## X.
## Prayer

Defendants respectfully pray that this case be removed to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/ Thomas W. Fee*

**THOMAS W. FEE**
State Bar No. 06873160
tfee@feesmith.com
**BEN NEWMAN**
State Bar No. 24099252
bnewman@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3272
972-934-9200 (facsimile)
**ATTORNEYS FOR NEUTRON HOLDINGS, INC.
D/B/A LIMEBIKE AND/OR LIME SCOOTERS
AND ZACHARY CARTER**

<u>**CERTIFICATE OF SERVICE**</u>

This will certify that a true and correct copy of the foregoing instrument has this 4th day of June, 2019, been forwarded to all attorneys of record in this cause of action as follows:

<u>*Via Electronic Service*</u>
Neil Solomon
Jason Aldridge
John C. Zinda
Zinda & Davis, PLLC
8834 N. Capital of Texas Highway
Suite 304
Austin, TX  78759

*/s/ Thomas W. Fee*

**THOMAS W. FEE**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DOROTHY WALKER

**(b)** County of Residence of First Listed Plaintiff   Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John C. (Jack) Zinda, Neil Solomon, and Jason Aldridge, of Zinda Law Group, PLLC, 8834 North Capital of Texas Highway, Suite 304, Austin, Texas 78759.

## DEFENDANTS

NEUTRON HOLDINGS, INC., D/B/A LIMEBIKE AND/OR LIME SCOOTERS, AND ZACHARY CARTER

County of Residence of First Listed Defendant   Reg. Agent - Dallas Co.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Thomas W. Fee, and Ben Newman of Fee, Smith, Sharp & Vitullo, LLP, Three Galleria Tower, 13155 Noel Road, Suite 1000, Dallas, Texas 75240.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal | **LABOR** ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | Product Liability | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☒ 360 Other Personal | ☐ 385 Property Damage | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | Injury | Product Liability | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
    Proceeding

☒ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332(a)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE

DOCKET NUMBER

DATE
06/04/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ben Newman

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN              DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal.  Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1.  Please identify the court from which the case is being removed; the case number; and the complete style of the case.

   Court: 126th Judicial District Court, Travis County, Texas     Cause No.: D-1-GN-19-002433

   DOROTHY WALKER vs. NEUTRON HOLDINGS, INC. d/b/a LIMEBIKE and/or LIME SCOOTERS and ZACHARY CARTER

2.  Was jury demand made in State Court?        Yes ☐        No ☒

   If yes, by which party and on what date?

   _____        _____
   Party Name                                 Date

---

**STATE COURT INFORMATION:**

1.  List all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Party and Party Type:                      Counsel for Plaintiff:

   Dorothy Walker, Plaintiff                  John C. Zinda
                                              Neil Solomon
                                              Jason Aldridge
                                              Zinda Law Group, PLLC
                                              8834 North Capital of Texas Highway, Suite 304
                                              Austin, TX 78759
                                              PH: (512) 246-2224
                                              Fax: (512) 580-4252

   Neutron Holdings, Inc., d/b/a Limebike     Counsel for Defendants:
   and/or Lime Scooters, and
   Zachary Carter                             Thomas W. Fee
                                              Benjamin J. Newman                    ⊞

---

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

    N/A

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

    N/A

---

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

    N/A

---

**VERIFICATION:**

/s/ Benjamin J. Newman
_____
Attorney for Removing Party

06/04/2019
_____
Date

Neutron Holdings,Inc. dba Limebike and/or Lime Scooters,and Zachary Carter
_____
Party/Parties

TXWD - Supplement to JS 44 (Rev. 10/2004)

5/2/2019 5:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-002433
Ruben Tamez

D-1-GN-19-002433

CAUSE NO. _____

| | | |
|---|---|---|
| **DOROTHY WALKER** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | 126TH |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **NEUTRON HOLDINGS, INC., D/B/A** | § | |
| **LIMEBIKE AND/OR LIME SCOOTERS,** | § | |
| **ET AL.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY

Plaintiff Dorothy Walker comes before this Court to assert the following factual allegations and causes of action against Defendants Neutron Holdings, Inc., d/b/a LimeBike and/or Lime Scooters and Zachary Carter.

### I.   DISCOVERY

1. Plaintiff Dorothy Walker pleads that discovery in this matter shall be conducted pursuant to TEX. R. CIV. P. 190.4 (Level III).

### II.   PARTIES AND SERVICE

2. Plaintiff Dorothy Walker ("Walker") is a natural person and resident of Travis County, Texas. The last three digits of Plaintiff Walker's Social Security and Texas Identification numbers are 65 and 623, respectively.

3. Defendant Neutron Holdings, Inc., d/b/a LimeBike and/or Lime Scooters ("Lime") is a corporation organized under the laws of Delaware. Defendant Lime may be served by serving a copy of the citation and Petition upon its Registered Agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.      Defendant Zachary Carter ("Carter") is a natural person and resident of Travis County, Texas. Defendant Carter may be served with process at his residence, located at 1303 Nueces St., Austin, TX 78701, or wherever he may be found.

### III.    MISNOMER/ALTER EGO

5.      In the event any parties are misnamed or are not included herein, Plaintiff Walker contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### IV.    AGENTS AND EMPLOYEES

6.      Whenever alleged in this Petition that any non-natural Defendant did or failed to do any act or thing, it is meant that such Defendant's directors, officers, agents, servants, employees, representatives, and/or contractors subject to such Defendant's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors, officers, agents, servants, employees, representatives, and/or contractors subject to such Defendant's control making that Defendant responsible and liable for all such conduct. Plaintiff Walker invokes the doctrine of *respondeat superior*.

### V.    JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this lawsuit. Plaintiff Walker's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

8.      This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with the

State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

9. This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a) because the events giving rise to this lawsuit occurred in Travis County, Texas.

## VI.   CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## VII.   FACTS

11. Defendant Lime is in the business of renting motorized electric scooters (hereinafter referred to as "Lime Scooters") to the general public through an application downloaded and installed onto customers' smartphones.

12. Defendant Lime deploys Lime Scooters onto public streets and sidewalks in metropolitan areas such as Austin, Texas, and allows members of the public with a smartphone to rent Lime Scooters for a fee charged to the user's credit or debit card.

13. Defendant Lime provides minimal instruction or training to the users of Lime Scooters.

14. Defendant Carter is the Operations Manager for Defendant Lime's operations in Austin, Texas and the surrounding areas. His job responsibilities include, but are not limited to, overseeing mechanical and maintenance operations for Defendant Lime.

15. Upon completion of a ride, users abandon the rented Lime Scooters at any location, including public and private property, to be rented by the next potential customer.

16. Upon information and belief, Lime Scooters remain in a constant state of circulation and are generally removed from public use only to be charged by independent contractors, who then redeploy the scooters into the public after charging.

17. Upon information and belief, Lime Scooters do not undergo regular or routine maintenance, but are removed from public circulation only if malfunctions are reported directly to Defendant Lime by members of the public.

18. Other than during charging or irregular maintenance, Lime Scooters are left outdoors, exposing them to the elements, which subjects Lime Scooters to excessive wear and tear and the degradation of the physical integrity of the scooters.

19. An investigation performed by Consumer Reports stated that between the time Defendant Lime released its scooters on city streets in July 2017 and February 2019, at least 1,500 people in the United States had been injured in electric scooter crashes.

20. On or about August 14, 2018, Plaintiff Walker rented and used a Lime Scooter for the first time.

21. Defendant Lime provided minimal instruction and training to Plaintiff Walker regarding the use of Lime Scooters prior to her first use of a Lime Scooter.

22. Plaintiff Walker was traveling on a Lime Scooter west on 11th Avenue in Austin, Texas, approaching the intersection with Congress Avenue. Plaintiff Walker was riding the scooter on the north sidewalk, next to the grounds of the State Capitol.

23. Plaintiff Walker was riding the scooter in a reasonable and prudent manner and was exercising ordinary care for her safety at all relevant times.

24. As Plaintiff Walker accelerated down 11th Avenue, she became uncomfortable with the speed of her scooter. She tried to slow down but quickly realized that the scooter's brakes did not work as expected. As Plaintiff Walker struggled to stop her out-of-control scooter, the scooter tipped over, throwing her face-first into the wrought iron gates surrounding the Capitol.

25.   Plaintiff Walker suffered multiple facial fractures, a damaged tear duct, two broken ribs, and her nose was nearly severed from her face. She spent three days in the hospital, underwent emergency reconstructive surgery, and will require additional reconstructive plastic surgery.

26.   Upon information and belief, Defendant Lime was aware at the time of Plaintiff Walker's crash of a bug in the Lime Scooter software that caused sudden excessive braking during use.

27.   Upon information and belief, Defendant Lime was aware prior to Plaintiff Walker's crash that the mechanical function of the braking system routinely failed.

28.   Upon information and belief, Defendant Lime was aware prior to Plaintiff Walker's crash that Defendant Lime's maintenance practice of adjusting the mechanical function of the brakes did not prevent brake failures.

29.   Defendant Lime was aware prior to Plaintiff Walker's crash that Lime Scooters suffered regular mechanical issues, including but not limited to, brake failure, sudden and unexpected braking, and sticking accelerators.

30.   Defendant Lime did not warn the public of the dangerous conditions caused by the above-listed mechanical and software malfunctions in its scooters, nor take actions to remedy the dangerous conditions.

## VIII. CAUSES OF ACTION

### A.      <u>Negligence of Defendant Lime</u>

31.   Plaintiff Walker repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

32.     At the time of Plaintiff Walker's crash, the Lime Scooter involved was owned and within the control of Defendant Lime. Therefore, Defendant Lime owed duties of ordinary care to Plaintiff.

33.     Defendant Lime's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

      a.    Refusing to diligently service and maintain the subject Lime Scooter;

      b.    Failing to provide proper instruction or training to Plaintiff Walker or other users of Lime Scooters;

      c.    Knowingly putting Lime Scooters in the stream of commerce that had not been reasonably serviced and/or maintained;

      d.    Refusing to warn its consumers of dangerous conditions in Lime Scooters in a timely manner after learning of the software and/or mechanical defects;

      e.    Putting unreasonably dangerous Lime Scooters with known software and/or mechanical defects in the stream of commerce for consumer use;

      f.    Refusing to utilize available information regarding software and/or mechanical defects to properly monitor Lime Scooters, including the subject Lime Scooter, to ensure the safety of consumers;

      g.    Refusing to utilize available technology to monitor and audit the safety performance of Lime Scooters placed in the stream of commerce, including the subject Lime Scooter;

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY**
*Dorothy Walker v. Neutron Holdings, Inc., d/b/a LimeBike and/or Lime Scooters, et al.*
Page 6 of 11

h.     Refusing to ensure the subject Lime Scooter was in proper working order and free from any software and/or mechanical defects; and

i.     Refusing to put in place proper guidelines to ensure the subject Lime Scooter was not placed in an unsafe area for consumer use.

As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff Walker suffered personal injuries and resulting damages in an amount to be determined at trial.

### B.     Gross Negligence of Defendant Lime

34.   Plaintiff Walker repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

35.   At the time of Plaintiff Walker's crash, Defendant Lime knew of software and/or mechanical defects that caused brake problems in Lime Scooters and rendered such scooters unreasonably dangerous.

36.   Defendant Lime consciously refused to warn its consumers of the dangerous brake condition caused by software and/or mechanical defects, of which it had actual knowledge prior to Plaintiff Walker's crash.

37.   Defendant Lime continued to place unreasonably dangerous Lime Scooters into the stream of commerce despite the known danger posed to consumers.

38.   This conduct, when viewed objectively from the standpoint of Defendant Lime at the time of Plaintiff Walker's crash involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Additionally, Defendant Lime had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including that of Plaintiff Walker.

The foregoing acts constitute gross negligence as that term is defined in TEX. CIV. PRAC. & REM. CODE § 41.001. Such gross negligence was the proximate cause of the injuries Plaintiff Walker sustained. Defendant Lime's acts and omissions, whether taken separately and/or collectively, constituted a direct and proximate cause of the crash in question and the resulting damages Plaintiff Walker sustained.

### C.      Negligence of Defendant Carter

39.   Plaintiff Walker repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

40.   At the time of Plaintiff Walker's crash, Defendant Carter was the Operations Manager for Defendant Lime's operations in Austin, Texas.

41.   At all times relevant herein, Defendant Carter supervised all maintenance and repair operations at Defendant Lime's Austin warehouse.

42.   Defendant was responsible for the maintenance and repair of the Austin fleet of Lime Scooters for Defendant Lime, including maintenance and repair of the Lime Scooter ridden by Plaintiff Walker at the time of the crash made the basis of this suit.

43.   At all times relevant herein, Defendant Carter, as the employee of Defendant Lime with the primary duty to oversee maintenance and repair of Lime Scooters in Austin, had a duty to maintain and repair Lime Scooters in Austin in a reasonable manner to ensure the safety of consumers and the general public.

44.   Defendant Carter's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

a.   Refusing to design, develop, and implement adequate maintenance and repair controls related to known software and/or mechanical defects;

b.   Refusing to train Defendant Lime's employees regarding how to find and repair defects in Lime Scooters before placing such scooters in the stream of commerce;

c.   Refusing to properly monitor and/or supervise maintenance and repair operations at Defendant Lime's Austin warehouse;

d.   Refusing to utilize available information regarding software and/or mechanical defects to properly monitor Lime Scooters in Austin, including the subject Lime Scooter, to ensure the safety of consumers and the public at large;

e.   Refusing to warn consumers of dangerous conditions in Lime Scooters in a timely manner after learning of software and/or mechanical defects;

f.   Refusing to utilize available technology to monitor and audit the safety performance of Lime Scooters dispatched from Defendant Lime's Austin warehouse and placed in the stream of commerce, including the subject Lime Scooter; and

g.   Negligently hiring, training, and supervising maintenance personnel in Defendant Lime's Austin warehouse.

45.   As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff Walker suffered personal injuries and resulting damages in an amount to be determined at trial.

## IX.    DAMAGES

46.    As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff

Walker suffered and will in all reasonable probability continue to suffer the following

actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this

Court:

       a.    Medical treatment paid or incurred in the past;

       b.    Medical treatment which will be necessary in the future;

       c.    Past and future pain and suffering;

       d.    Past and future mental anguish;

       e.    Physical disfigurement;

       f.    Past and future impairment;

       g.    Lost wages; and

       h.    Loss of past and future earning capacity.

47.    Pursuant to TEX. R. CIV. P. 47, Plaintiff Walker seeks monetary relief over $1,000,000.

Plaintiff's counsel offers this statement for informational purposes only as required by TEX.

R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary.

The amount of monetary relief actually awarded, however, will ultimately be determined

by a jury.   Plaintiff Walker also seeks pre-judgment and post-judgment interest at the

highest legal rate.

## X.    TEX. R. CIV. P. 193.7 NOTICE

48.    Pursuant to TEX. R. CIV. P. 193.7, Plaintiff Walker hereby gives notice of intent to utilize

items produced in discovery against the producing party.

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY**
*Dorothy Walker v. Neutron Holdings, Inc., d/b/a LimeBike and/or Lime Scooters, et al.*
Page 10 of 11

## XI.    DISCOVERY

49.    Pursuant to TEX. R. CIV. P. 194, Plaintiff Walker requests that Defendants disclose, within

50 days of the service of this request, the information or material described in TEX. R. CIV.

P. 194.2.

## XII.    PRAYER

WHEREFORE, Plaintiff Walker prays that Defendants be cited according to law to appear

and answer herein, and that upon final trial, Plaintiff Walker have judgment against Defendants as

follows:

1.    An award of actual damages;

2.    An award of pre-judgment interest;

3.    An award of post-judgment interest;

4.    And other relief the Court determines is just under the circumstances.

Respectfully submitted,

Zinda Law Group, PLLC
8834 North Capital of Texas Highway
Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 580-4252 FAX
**Service of Documents: service@hzfirm.com**

By: _____
        John C. (Jack) Zinda
        State Bar No. 24053569
        Neil Solomon
        State Bar No. 24079369
        Jason Aldridge
        State Bar No. 24089911

**ATTORNEYS FOR PLAINTIFF
DOROTHY WALKER**

 CT Corporation

**Service of Process Transmittal**
05/10/2019
CT Log Number 535463740

| | |
|---|---|
| **TO:** | JESSE MURRAY<br>NEUTRON HOLDINGS, INC.<br>85 2ND ST FL 1<br>SAN FRANCISCO, CA 94105-3459 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | NEUTRON HOLDINGS, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DOROTHY WALKER, PLTF. vs. NEUTRON HOLDINGS, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | ., .<br>Case # D1GN19002433 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/10/2019 at 13:38 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | .<br>.<br>., . . |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/14/2019, Expected Purge Date: 05/19/2019<br><br>Image SOP<br><br>Email Notification,  Neutron Holdings Inc Auto Processing<br> ct_support@wolterskluwer.com |
| **SIGNED:** | National Registered Agents, Inc. |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / RA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-002433**

DOROTHY WALKER

, Plaintiff

vs.
NEUTRON HOLDINGS, INC. D/B/A LIMEBIKE AND/OR LIME SCOOTERS ET AL.

, Defendant

TO:   NEUTRON HOLDINGS, INC D/B/A LIMEBIKE AND/OR LIME SCOOTERS,
      BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
      1999 BRYAN STREET, SUITE 900
      DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCOVERY of the PLAINTIFF in the above styled and numbered cause, which was filed on MAY 02, 2019 in the 126TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 08, 2019.

REQUESTED BY:
JOHN CLAYTON ZINDA
8834 N CAPITAL OF TEXAS HWY STE 304
AUSTIN, TX 78759
BUSINESS PHONE:(512)246-2224  FAX:(512)369-6961

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCOVERY, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

. _____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-19-002433                                              P01 - 000077572

☐ Original    ☐ Service Copy          SERVICE FEE NOT PAID

5/2/2019 5:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-00243⁣
Ruben Tame⁣

D-1-GN-19-002433

CAUSE NO. _____

| | | |
|---|---|---|
| DOROTHY WALKER | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | 126TH |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| NEUTRON HOLDINGS, INC., D/B/A | § | |
| LIMEBIKE AND/OR LIME SCOOTERS, | § | |
| ET AL. | § | |
| | § | |
| | § | |
| **Defendants.** | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY

Plaintiff Dorothy Walker comes before this Court to assert the following factual allegations

and causes of action against Defendants Neutron Holdings, Inc., d/b/a LimeBike and/or Lime

Scooters and Zachary Carter.

### I.   DISCOVERY

1. Plaintiff Dorothy Walker pleads that discovery in this matter shall be conducted pursuant

   to TEX. R. CIV. P. 190.4 (Level III).

### II.   PARTIES AND SERVICE

2. Plaintiff Dorothy Walker ("Walker") is a natural person and resident of Travis County,

   Texas. The last three digits of Plaintiff Walker's Social Security and Texas Identification

   numbers are 463 and 623, respectively.

3. Defendant Neutron Holdings, Inc., d/b/a LimeBike and/or Lime Scooters ("Lime") is a

   corporation organized under the laws of Delaware. Defendant Lime may be served by

   serving a copy of the citation and Petition upon its Registered Agent, C T Corporation

   System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.    Defendant Zachary Carter ("Carter") is a natural person and resident of Travis County, Texas. Defendant Carter may be served with process at his residence, located at 1803 Nueces St., Austin, TX 78701, or wherever he may be found.

## III.   MISNOMER/ALTER EGO

5.    In the event any parties are misnamed or are not included herein, Plaintiff Walker contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

## IV.   AGENTS AND EMPLOYEES

6.    Whenever alleged in this Petition that any non-natural Defendant did or failed to do any act or thing, it is meant that such Defendant's directors, officers, agents, servants, employees, representatives, and/or contractors subject to such Defendant's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors, officers, agents, servants, employees, representatives, and/or contractors subject to such Defendant's control making that Defendant responsible and liable for all such conduct. Plaintiff Walker invokes the doctrine of *respondeat superior*.

## V.   JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this lawsuit. Plaintiff Walker's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

8.    This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with the

State of Texas, and/or have purposefully availed themselves of the laws and markets of the
State of Texas so as to not offend traditional notions of fair play and substantial justice.

9.     This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM.
CODE § 15.002(a) because the events giving rise to this lawsuit occurred in Travis County,
Texas.

## VI.     CONDITIONS PRECEDENT

10.    All conditions precedent have been performed or have occurred.

## VII.     FACTS

11.    Defendant Lime is in the business of renting motorized electric scooters (hereinafter
referred to as "Lime Scooters") to the general public through an application downloaded
and installed onto customers' smartphones.

12.    Defendant Lime deploys Lime Scooters onto public streets and sidewalks in metropolitan
areas such as Austin, Texas, and allows members of the public with a smartphone to rent
Lime Scooters for a fee charged to the user's credit or debit card.

13.    Defendant Lime provides minimal instruction or training to the users of Lime Scooters.

14.    Defendant Carter is the Operations Manager for Defendant Lime's operations in Austin,
Texas and the surrounding areas. His job responsibilities include, but are not limited to,
overseeing mechanical and maintenance operations for Defendant Lime.

15.    Upon completion of a ride, users abandon the rented Lime Scooters at any location,
including public and private property, to be rented by the next potential customer.

16.    Upon information and belief, Lime Scooters remain in a constant state of circulation and
are generally removed from public use only to be charged by independent contractors, who
then redeploy the scooters into the public after charging.

17. Upon information and belief, Lime Scooters do not undergo regular or routine maintenance, but are removed from public circulation only if malfunctions are reported directly to Defendant Lime by members of the public.

18. Other than during charging or irregular maintenance, Lime Scooters are left outdoors, exposing them to the elements, which subjects Lime Scooters to excessive wear and tear and the degradation of the physical integrity of the scooters.

19. An investigation performed by Consumer Reports stated that between the time Defendant Lime released its scooters on city streets in July 2017 and February 2019, at least 1,500 people in the United States had been injured in electric scooter crashes.

20. On or about August 14, 2018, Plaintiff Walker rented and used a Lime Scooter for the first time.

21. Defendant Lime provided minimal instruction and training to Plaintiff Walker regarding the use of Lime Scooters prior to her first use of a Lime Scooter.

22. Plaintiff Walker was traveling on a Lime Scooter west on 11th Avenue in Austin, Texas, approaching the intersection with Congress Avenue. Plaintiff Walker was riding the scooter on the north sidewalk, next to the grounds of the State Capitol.

23. Plaintiff Walker was riding the scooter in a reasonable and prudent manner and was exercising ordinary care for her safety at all relevant times.

24. As Plaintiff Walker accelerated down 11th Avenue, she became uncomfortable with the speed of her scooter. She tried to slow down but quickly realized that the scooter's brakes did not work as expected. As Plaintiff Walker struggled to stop her out-of-control scooter, the scooter tipped over, throwing her face-first into the wrought iron gates surrounding the Capitol.

25.  Plaintiff Walker suffered multiple facial fractures, a damaged tear duct, two broken ribs, and her nose was nearly severed from her face. She spent three days in the hospital, underwent emergency reconstructive surgery, and will require additional reconstructive plastic surgery.

26.  Upon information and belief, Defendant Lime was aware at the time of Plaintiff Walker's crash of a bug in the Lime Scooter software that caused sudden excessive braking during use.

27.  Upon information and belief, Defendant Lime was aware prior to Plaintiff Walker's crash that the mechanical function of the braking system routinely failed.

28.  Upon information and belief, Defendant Lime was aware prior to Plaintiff Walker's crash that Defendant Lime's maintenance practice of adjusting the mechanical function of the brakes did not prevent brake failures.

29.  Defendant Lime was aware prior to Plaintiff Walker's crash that Lime Scooters suffered regular mechanical issues, including but not limited to, brake failure, sudden and unexpected braking, and sticking accelerators.

30.  Defendant Lime did not warn the public of the dangerous conditions caused by the above-listed mechanical and software malfunctions in its scooters, nor take actions to remedy the dangerous conditions.

## VIII. CAUSES OF ACTION

### A.    Negligence of Defendant Lime

31.  Plaintiff Walker repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

32.  At the time of Plaintiff Walker's crash, the Lime Scooter involved was owned and within the control of Defendant Lime. Therefore, Defendant Lime owed duties of ordinary care to Plaintiff.

33.  Defendant Lime's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

    a.    Refusing to diligently service and maintain the subject Lime Scooter;

    b.    Failing to provide proper instruction or training to Plaintiff Walker or other users of Lime Scooters;

    c.    Knowingly putting Lime Scooters in the stream of commerce that had not been reasonably serviced and/or maintained;

    d.    Refusing to warn its consumers of dangerous conditions in Lime Scooters in a timely manner after learning of the software and/or mechanical defects;

    e.    Putting unreasonably dangerous Lime Scooters with known software and/or mechanical defects in the stream of commerce for consumer use;

    f.    Refusing to utilize available information regarding software and/or mechanical defects to properly monitor Lime Scooters, including the subject Lime Scooter, to ensure the safety of consumers;

    g.    Refusing to utilize available technology to monitor and audit the safety performance of Lime Scooters placed in the stream of commerce, including the subject Lime Scooter;

h.  Refusing to ensure the subject Lime Scooter was in proper working order and free from any software and/or mechanical defects; and

i.  Refusing to put in place proper guidelines to ensure the subject Lime Scooter was not placed in an unsafe area for consumer use.

As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff Walker suffered personal injuries and resulting damages in an amount to be determined at trial.

## B.  Gross Negligence of Defendant Lime

34.  Plaintiff Walker repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

35.  At the time of Plaintiff Walker's crash, Defendant Lime knew of software and/or mechanical defects that caused brake problems in Lime Scooters and rendered such scooters unreasonably dangerous.

36.  Defendant Lime consciously refused to warn its consumers of the dangerous brake condition caused by software and/or mechanical defects, of which it had actual knowledge prior to Plaintiff Walker's crash.

37.  Defendant Lime continued to place unreasonably dangerous Lime Scooters into the stream of commerce despite the known danger posed to consumers.

38.  This conduct, when viewed objectively from the standpoint of Defendant Lime at the time of Plaintiff Walker's crash involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Additionally, Defendant Lime had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including that of Plaintiff Walker.

The foregoing acts constitute gross negligence as that term is defined in TEX. CIV. PRAC. & REM. CODE § 41.001. Such gross negligence was the proximate cause of the injuries Plaintiff Walker sustained. Defendant Lime's acts and omissions, whether taken separately and/or collectively, constituted a direct and proximate cause of the crash in question and the resulting damages Plaintiff Walker sustained.

## C.  Negligence of Defendant Carter

39.   Plaintiff Walker repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

40.   At the time of Plaintiff Walker's crash, Defendant Carter was the Operations Manager for Defendant Lime's operations in Austin, Texas.

41.   At all times relevant herein, Defendant Carter supervised all maintenance and repair operations at Defendant Lime's Austin warehouse.

42.   Defendant was responsible for the maintenance and repair of the Austin fleet of Lime Scooters for Defendant Lime, including maintenance and repair of the Lime Scooter ridden by Plaintiff Walker at the time of the crash made the basis of this suit.

43.   At all times relevant herein, Defendant Carter, as the employee of Defendant Lime with the primary duty to oversee maintenance and repair of Lime Scooters in Austin, had a duty to maintain and repair Lime Scooters in Austin in a reasonable manner to ensure the safety of consumers and the general public.

44.   Defendant Carter's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

a.    Refusing to design, develop, and implement adequate maintenance and repair controls related to known software and/or mechanical defects;

b.    Refusing to train Defendant Lime's employees regarding how to find and repair defects in Lime Scooters before placing such scooters in the stream of commerce;

c.    Refusing to properly monitor and/or supervise maintenance and repair operations at Defendant Lime's Austin warehouse;

d.    Refusing to utilize available information regarding software and/or mechanical defects to properly monitor Lime Scooters in Austin, including the subject Lime Scooter, to ensure the safety of consumers and the public at large;

e.    Refusing to warn consumers of dangerous conditions in Lime Scooters in a timely manner after learning of software and/or mechanical defects;

f.    Refusing to utilize available technology to monitor and audit the safety performance of Lime Scooters dispatched from Defendant Lime's Austin warehouse and placed in the stream of commerce, including the subject Lime Scooter; and

g.    Negligently hiring, training, and supervising maintenance personnel in Defendant Lime's Austin warehouse.

45.    As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff Walker suffered personal injuries and resulting damages in an amount to be determined at trial.

## IX.   DAMAGES

46.     As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff Walker suffered and will in all reasonable probability continue to suffer the following actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

      a.    Medical treatment paid or incurred in the past;

      b.    Medical treatment which will be necessary in the future;

      c.    Past and future pain and suffering;

      d.    Past and future mental anguish;

      e.    Physical disfigurement;

      f.    Past and future impairment;

      g.    Lost wages; and

      h.    Loss of past and future earning capacity.

47.     Pursuant to TEX. R. CIV. P. 47, Plaintiff Walker seeks monetary relief over $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff Walker also seeks pre-judgment and post-judgment interest at the highest legal rate.

## X.   TEX. R. CIV. P. 193.7 NOTICE

48.     Pursuant to TEX. R. CIV. P. 193.7, Plaintiff Walker hereby gives notice of intent to utilize items produced in discovery against the producing party.

## XI.    DISCOVERY

49.    Pursuant to TEX. R. CIV. P. 194, Plaintiff Walker requests that Defendants disclose, within

50 days of the service of this request, the information or material described in TEX. R. CIV.

P. 194.2.

## XII.    PRAYER

WHEREFORE, Plaintiff Walker prays that Defendants be cited according to law to appear

and answer herein, and that upon final trial, Plaintiff Walker have judgment against Defendants as

follows:

1.    An award of actual damages;

2.    An award of pre-judgment interest;

3.    An award of post-judgment interest;

4.    And other relief the Court determines is just under the circumstances.

Respectfully submitted,

Zinda Law Group, PLLC
8834 North Capital of Texas Highway
Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 580-4252 FAX
**Service of Documents: service@hzfirm.com**

By:

John C. (Jack) Zinda
State Bar No. 24053569
Neil Solomon
State Bar No. 24079369
Jason Aldridge
State Bar No. 24089411

**ATTORNEYS FOR PLAINTIFF
DOROTHY WALKER**

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
*A Non-Profit Corporation*

# IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.com

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.com

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

5/28/2019 11:53 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-002433**
**Sandra Henriquez**

AXS.10809

## CAUSE NO. D-1-GN-19-002433

| | | |
|---|---|---|
| **DOROTHY WALKER,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | **TRAVIS COUNTY, TEXAS** |
| **NEUTRON HOLDINGS, INC. d/b/a** | § | |
| **LIMEBIKE and/or LIME SCOOTERS** | § | |
| **and ZACHARY CARTER,** | § | **126th JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER

NEUTRON HOLDINGS, INC. D/B/A LIMEBIKE AND/OR LIME SCOOTERS ("LIME") AND ZACHARY CARTER file this Original Answer:

### I.
### General Denial

Defendants deny each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### Affirmative Defenses, Avoidances, and Limitations on Damages

All of Plaintiff's claims fall within the scope of a valid arbitration agreement and are governed under the Federal Arbitration Act, and the same should be compelled to arbitration and which are more fully detailed and briefed in an upcoming Motion to Compel Arbitration.

All of Plaintiff's claims are barred by an enforceable release of liability to which Plaintiff was a party.

Plaintiff's injuries are the result of Plaintiff's own negligence, in whole or in part.

Plaintiff's injuries, if any, are the result of an intervening, superseding and/or new and independent cause which destroys the causal connection if any, between Defendants' alleged acts or alleged product(s) and Plaintiffs' injuries, if any.

Events other than those set in motion by Defendants are the sole proximate cause of Plaintiff's injuries, if any.

Plaintiff's injuries, if any, are the result of unintended, unexpected and/or abnormal use or misuse of the product complained of.

Defendants state that in the unlikely event that an adverse judgment is rendered against them in this matter, they are entitled to contribution, indemnity, and/or all available credits as provided for in the Texas Civil Practice & Remedies Code and under Texas law.

Defendants respectfully request that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

Defendants invoke the protections afforded to them by Chapter 82 of the Texas Civil Practice & Remedies Code including indemnity and protection as a nonmanufacturing seller.

Defendants assert that venue is improper in this suit because Plaintiff is bound by a contractual clause in a binding agreement specifying the valid forum, venue, and exclusive personal jurisdiction for claims of this type.

Defendants assert that this Court lacks personal jurisdiction in this suit because Plaintiff is bound by a contractual clause in a binding agreement specifying the valid forum, venue, and exclusive personal jurisdiction for claims of this type, which vests exclusive jurisdiction in California.

### III.
### Prayer

Defendants pray that the Plaintiff take nothing by this suit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**


        /s/ THOMAS W. FEE
**THOMAS W. FEE**
State Bar No. 06873160
tfee@feesmith.com
**BEN NEWMAN**
State Bar No. 24099252
bnewman@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3272
972-934-9200 (Fax)

**ATTORNEYS FOR NEUTRON HOLDINGS, INC.
D/B/A LIMEBIKE AND/OR LIME SCOOTERS
AND ZACHARY CARTER**


## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has this 28th day of May, 2019, been forwarded to all attorneys of record in this cause of action as follows:

***Via Electronic Service***
Neil Solomon
Jason Aldridge
John C. Zinda
Zinda & Davis, PLLC
8834 N. Capital of Texas Highway
Suite 304
Austin, TX  78759


        /s/  Thomas W. Fee
**THOMAS W. FEE**